# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| ANTHONY SHERRILL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:15-cv-02838-DCN |
| | ) | |
| vs. | ) | |
| | ) | |
| DIO TRANSPORT, INC., JARACAR TRANSPORT, INC., AND JAMES R. CARDENAS, Jointly and Severally, | ) ) ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Plaintiff Anthony Sherrill's ("Sherrill") counsel Francis V. McCann's ("McCann") motion to quash defendants' subpoena duces tecum, ECF No. 45. For the reasons set forth below, the court denies the motion to quash to the extent that it does not include documents covered by the work-product doctrine and grants the motion to quash to the extent that it includes documents covered by the work-product doctrine.

## I.  BACKGROUND

The instant matter arises out of a motor vehicle collision that occurred on February 17, 2015 in Colleton County, South Carolina. Sherrill was waiting to make a left turn when he was allegedly struck from behind by defendant James T. Cardenas, who was driving his tractor-trailer truck at an excessively high rate of speed. Am. Compl. ¶ 10. Cardenas's tractor-trailer truck was owned by defendants DIO Transport and Jaracar Transport, Inc (collectively "defendants"). Am. Compl. ¶ 11. Sherrill filed his initial complaint in this matter on July 20, 2015, ECF No. 1, and amended it on May 20,

1

2016. Defendants answered the complaint and served seven written discovery requests on Sherrill, to which Sherrill responded on March 14, 2016. Pl.'s Mot. 1. On October 10, 2016, defendants served McCann with a subpoena duces tecum requesting, among other things, "all written, printed and digital documents and materials not protected by attorney-client privilege regarding representation of Anthony Sherrill . . . in claims for personal injuries and property damage from January 1, 2000 to present." Pl.'s Mot., Ex. 1 at 3.

McCann filed the instant motion to quash the subpoena deuces tecum in its entirety on October 20, 2016. ECF No. 45. Defendants filed a response on November 7, 2016. ECF No. 49. McCann filed a reply on November 8, 2016. ECF No. 50. The matter has been fully briefed and is ripe for the court's review.

## II.  STANDARD

### A.    Scope of Discovery

"Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 402 (4th Cir. 2003). Federal district courts are vested with broad discretion in resolving discovery disputes and deciding whether to grant or deny a motion to compel. Erdmann v. Preferred Research, Inc. of Ga., 852 F.2d 788, 792 (4th Cir. 1988). Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."

B.     **Rule 45 Subpoena Duces Tecum**

Under Federal Rule of Civil Procedure 45, a party may serve a subpoena for the production of discoverable material on a non-party to the litigation; in turn, the nonparty may contest the subpoena. The scope of discovery for a nonparty litigant under a subpoena duces tecum issued pursuant to Rule 45 is the same as the scope of a discovery request made upon a party to the action under Rule 26. Castle v. Jallah, 142 F.R.D. 618, 620 (E.D. Va. 1992). "[T]he burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted." HDSherer LLC v. Nat. Molecular Testing Corp., 292 F.R.D. 305, 308 (D.S.C. 2013). Rule 45 governs demands upon nonparties for the production of persons or materials, and a subpoena issued under this rule may command a nonparty to "produce designated documents, electronically stored information, or tangible things in that person's possession." Fed. R. Civ. P. 45(a)(1)(A)(iii). A party or attorney issuing and serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and the district court "must enforce this duty and impose an appropriate sanction . . . on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1); see HDSherer, 292 F.R.D. at 308 (stating a subpoena imposes an undue burden if it is overbroad). If a nonparty timely objects to a subpoena, a party may file a motion to compel production of the requested materials. Fed. R. Civ. P. 45(d)(2)(B). Upon the filing of a motion to compel, the district court may order the nonparty to comply with the subpoena, though in doing so the court must protect a nonparty "from significant expense resulting from compliance." Id. A nonparty who seeks to withhold subpoenaed information on the basis that it is privileged must (1) expressly assert the claimed

privileged and (2) describe the nature of the withheld information "in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."  Fed. R. Civ. P. 45(e)(2)(A).

### III.   DISCUSSION

McCann moves to quash the subpoena as (1) unduly burdensome, seeking information outside the scope of discovery, and unreasonably cumulative and duplicative and (2) seeking information that is protected by the work-product doctrine.[1]  Pl.'s Mot. 2–5.  In his reply, McCann raises the new argument that defendants are using Rule 45 as a way to circumvent the 30-day deadline for discovery in Rule 34.  The court addresses each of these contentions in turn.

### 1.     Unduly Burdensome, Seeks Information Outside the Scope of Discovery, and Unreasonably Cumulative and Duplicative

McCann argues that defendant's subpoena falls outside the scope of discovery because it seeks "all non-privileged information in McCann's possession regarding its representation of [Sherrill] for personal injuries or property damage for [sixteen] years, [fifteen] of which are prior to the collision that is the subject of this litigation."  Pl.'s Mot. 3.

Courts have found it persuasive that a discovery request reaches beyond the subject litigation in granting motions to quash.  In <u>In re Subpoena Duces Tecum to AOL, LLC</u>, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008), the court determined a subpoena imposed an undue burden by being "overbroad" because it requested "all" emails over a

---

[1] McCann also asserts the attorney-client privilege, but since the defendants' subpoena already excludes those documents and materials protected by attorney-client privilege, the court does not analyze this superfluous defense.

six-week period, which included emails containing privileged and personal information unrelated to the subject litigation. In contrast, the request here is more targeted. Defendants request materials regarding representation of Sherrill "in claims for personal injuries or property damage from January 1, 2000 to present, including but not limited to claims arising out of motor vehicle accidents on January 16, 2013, September 29, 2014, and July 27, 2015." Pl.'s Mot, Ex. 1 at 2. Information about Sherrill's past injury claims may be relevant to the motor vehicle collision at issue in the present case.

McCann also asserts that the subpoena is overbroad because it requests information regarding his representation of Sherrill over a sixteen year timespan. In support of this argument, McCann cites Schaaf v. SmithKline Beecham Corp., 233 F.R.D. 451, 454 (E.D.N.C. 2005), where the court quashed a subpoena that sought all documents created over a ten year period on the grounds that it was "facially overbroad and unduly burdensome" because a "large quantity of the documents sought have no connection to anything involved in this case." However, the subpoena at hand is distinguishable from that in Schaaf because it asks for documents related to McCann's representation of Sherrill in "claims for personal injuries or property damages" as opposed to the subpoena asking for "all" documents in Schaaf. Therefore, the court finds that the discovery request is not overbroad.[2]

McCann also asserts that the subpoena is duplicative and cumulative. Pl.'s Mot. 4. However, the court finds persuasive defendants' argument that the previous discovery has not explored the information contained in the requested records. McCann argues that

---

[2] It is the court's understanding that although defendant's subpoena covers 16 years of documents, the defendants are only seeking the portions of McCann's files pertaining to the motor vehicle accident of 1/16/13, 9/29/14, and 7/27/15.

subsequent to the written discovery, defendants already received records from Sherrill's medical providers and deposed Sherrill under oath, wherein he "testified as to those documents provided in the course of discovery and answered [d]efendants' questions specific to the information requested in [d]efendants' subpoena." Id. at 6. However, although Sherrill acknowledged that McCann had been his lawyer for "years" he "[didn't] remember all of them." Defs.' Resp., Ex. 1 at 2. The subpoena could produce new information about McCann's representation of Sherrill that defendants would not be able to otherwise establish and so is not duplicative and cumulative.

Finally, McCann asserts that producing the subpoenaed information is unduly burdensome. Pl.'s Mot. 4. A subpoena imposes an undue burden where it is "overbroad." In re Subpoena Duces Tecum, 550 F. Supp. 2d at 612. This subpoena asks not for "documents compiled over the course of sixteen years of practice with countless clients" as McCann argues, Pl.'s Mot. 4, but for documents related to McCann's representation of Sherrill in any "personal injury or property damage" matters. This request is not unduly burdensome, but in recognition of the cumbersome process of locating, identifying, and culling documents associated with his representation of Sherrill the court grants McCann an extension of time until December 31, 2016 to respond to the subpoena. The court also rules that McCann will be reimbursed by defendants for all costs involved in responding to the subpoena.

Defendants argue that even if McCann's objections had merit, he has not met his burden of proving that the challenged production should not be permitted. Defs.' Repl. 4. The burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted. See Finley v. Trent, 955 F.Supp. 642,

6

648 (N.D. W. Va. 1997) (citing Castle v. Jallah, 142 F.R.D. 618, 620 (E.D.Va.1992)). Because the court finds that McCann's objections do not have merit, it is unnecessary to address the burden of proof argument.

### 2.     **Work-Product Doctrine**

McCann argues that defendants' subpoena should be quashed to the extent it seeks documents or materials protected by the work-product doctrine. Pl.'s Mot. 5. Without a showing by defendants of a "substantial need" for the documents requested and an inability to obtain the substantial equivalent by other means, McCann argues that the documents requested by defendants are not discoverable. Id.

The work-product doctrine protects an attorney's work done in anticipation of litigation. Solis v. Food Employers Labor Relations Ass'n, 644 F.3d 221, 231 (4th Cir. 2011). The doctrine is based on the principle that "[n]ot even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney." Hickman v. Taylor, 329 U.S. 495, 510 (1947). Work product can be fact work product or opinion work product. In re Allen, 106 F.3d 582, 607 (4th Cir. 1997). Fact work product consists of materials prepared by an attorney that do not contain the fruit of his mental processes, while opinion work product contains an attorney's mental impressions, conclusions, opinions, or legal theories. In re Grand Jury Proceedings #5, 401 F.3d 247, 250 (4th Cir. 2005). Fact work product is entitled to qualified immunity and "is discoverable upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship." Allen, 106 F.3d at 607 (internal quotation marks omitted). Opinion work product, however, "can be discovered only in very rare and extraordinary

circumstances." Id.  The party invoking the protection of the work-product doctrine bears the burden of demonstrating its applicability.  Solis, 644 F.3d at 232.

McCann argues that since he is active counsel representing Sherrill in the litigation at hand, the documents requested are covered under the work-product doctrine. Pl.'s Mot. 5.  Defendants' reply states that "[t]he subpoena specifically excludes material affected by attorney-client privilege" but fails to address materials protected by the work-product doctrine.  To the extent that defendants conflate the attorney-client privilege and the work-product doctrine in the reply, this is an incorrect legal analysis as the two privileges are separate.  There is no indication from the briefing of the percentage of documents that may be privileged.  Further, any privileged documents could be adequately addressed by a privilege log and thus are not a basis to quash the subpoena entirely.  The court grants McCann's motion to quash to the extent that it includes any documents covered by the work-product doctrine.

### 3. Rule 45 as a Circumvention of the 30-day Discovery Deadline of Rule 34

McCann raises a new argument in support of his motion to quash in his reply, arguing that defendants are trying to circumvent the discovery deadline by requesting that the documents be produced pursuant to Rule 45 instead of Rule 34.  Pl.'s Reply 1. McCann rests exclusively on this court's ruling in Layman v. Junior Players Golf Acad., Inc., 314 F.R.D. 379 (D.S.C. 2016) to argue that it is proper to use FRCP 34 and not FRCP 45 when requesting discovery from a party.

"The leading treatises agree that although Rule 45 may apply to both parties and nonparties, resort to Rule 45 should not be allowed when it circumvents the requirements

and protections of Rule 34 for the production of documents belonging to a party." Stokes v. Xerox Corp., 2006 WL 6686584, at *3 (E.D.Mich. Oct. 5, 2006). "If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a nonparty witness." 8A Charles Alan Wright, et al., Federal Practice and Procedure § 2204 at 365 (2nd ed. 1994).

In Layman, the court found that because the plaintiff "could have obtained" the documents from the defendant pursuant to the procedures outlined in Rule 34 that the subpoena of the non-party was an "attempt to circumvent [Rule] 34." Layman, 314 F.R.D. at 386. Here, defendants could not have obtained the necessary documents involving McCann's representation of Sherrill from Sherrill himself, the party to the action. Therefore, the court finds Layman distinguishable and holds that defendants are not trying to circumvent the discovery deadline by requesting the documents under Rule 45.

## IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** the motion to quash to the extent that it does not include documents covered by the work-product doctrine and **GRANTS** the motion to quash to the extent that it includes documents covered by the work-product doctrine.  The court grants McCann an extension of time until December 31, 2016 to respond to the subpoena.  The court instructs defendants to reimburse McCann for all costs involved in responding to the subpoena.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 18, 2016**
**Charleston, South Carolina**